Feb. 24, 1908.

————O————

## No. 4254.

### (Court of Appeal, Parish of Orleans.)

### WILLIAM KING vs. WM. H. SEYMOUR.

An inspector of the Water and Sewerage Board of the City of New Orleans holds an office within the meaning of Art. 647 C. P., providing that money due for the salary of an office shall be exempt from seizure.

Appeal from First City Court, Division "B."

J. J. Prowell, Plaintiff and Appellee.

Omer Villere, P. S. Gidiere and R. L. Tullis, Defendant and Appellant.

DUFOUR, J. The question to be determined in this case is, whether or not, an inspector of the Water and Sewerage Board of the City of New Orleans holds an office within the

**77**

meaning of Art. 647 C. P. providing that money due for the salary of an office shall be exempt from seizure.

It appears that Seymour was appointed by the Board from the eligible list of the Civil Service Commission, and that the duties of the office which he fills are important and appertain to the proper carrying on of a vast work of public utility by one of the statutory agencies of municipal government.

Act III, of 1902, section 13, provides that "said Board shall have power and authority to employ all the necessary clerks, engineers, firemen and other skilled and unskilled employees necessary and proper to the efficient administration, operation and control of the said sewerage system, etc. All such employees, except unskilled laborers, shall be appointed only after they have passed the Civil Service examination by the Civil Service Commissioners of the City of New Orleans. They shall hold their positions during good behavior and shall be removed only for cause and after hearing by the Civil Service Commission. In Moll vs. Sbisa, of our docket affirmed by the Supreme Court in 51 An. 290, we examined the leading authorities in this as well as in other jurisdictions and concluded that appointment to a public duty in the discharge of the administrative work of government and permanency of tenure were among the elements constituting a public office.

In the case of Winston vs. City, No. 4.047, of our docket, in speaking of an electrician in a department of the city government, we said:

"That the assignor, Hewitt, is a public officer according to the ruling in Moll vs. Sbisa, 51 An. 290, may not be doubted; his office was created by law, his salary fixed by City ordinance; his duties are permanent and his tenure a permanent one, protected by the Civil Service and subject to cessation for a cause only."

We find that, in this instance, the Board is empowered to create the positions found necessary for the work committed to its care and to fix the compensation.

It was eminently proper that the legislature, unable in advance to determine the technical and scientific necessities of the great work to be done, should not have hampered its agent by rigidly prescribing the number and duties of all employees and by fixing their compensation.

The circumstances that the Board was authorized to act

78

in such matters does not make the employees any the less appointed by law, than if their positions and salary had been specially mentioned in the legislative enactment.

In the examination of matters of this kind, it must not be forgotten that the exemption—so far as public officers are concerned—is not intended to protect them so much as it is to protect the efficeiency of public service resulting from permanency of tenure.

It is upon this theory that the Supreme Court in McGowan vs. City decided that the assignment of the unearned salary of a public officer is against public policy and therefore void. We now hold merely that the inspectors salary is exempt from seizure and do not go one step beyond.

Decision of the cause on this point obviates the necessity of discussing the other issue presented.

Judgment reversed and rule dismissed at mover's cost in both Courts.